IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN JANEGA, ) | FILED: JUNE 13, 2008 |
| ) | 08CV3422 |
| Plaintiff, ) | JUDGE HART |
| ) | MAGISTRATE JUDGE DENLOW |
| v. ) | EDA |
| ) | No. |
| WAL-MART CORPORATION, a Delaware corporation ) | |
| and WAL-MART STORES, INC., a Delaware corporation ) | **PLAINTIFF DEMANDS** |
| ) | **TRIAL BY JURY** |
| Defendants. ) | |

## COMPLAINT AT LAW

Plaintiff, CARMEN JANEGA, (hereinafter "Plaintiff" or "JANEGA"), by her attorneys, KIMBERLY A. CARR and ERIN BUCK KAISER, of BEST, VANDERLAAN & HARRINGTON, in complaining of Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC. (hereinafter "Defendants"), states as follows:

## NATURE OF CLAIM

1. This is an action seeking redress for discrimination in violation of the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, retaliatory discharge and other common law theories of recovery.

## JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4); 42 U.S.C. §12201 *et. seq.;* 29 U.S.C. §1132; and 28 U.S.C. §1331;. Supplemental jurisdiction is based upon 28 U.S.C. §1367 (a).

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28

U.S.C. §1391(b), as Plaintiff's causes of action arose herein.

## PARTIES

4. Plaintiff JANEGA is a female citizen of the United States and currently is a resident of Joliet, Illinois.

5. JANGEA was at all relevant times an employee of Defendants and at all relevant times worked for the Defendants in the State of Illinois under their authority and control.

6. Defendants WAL-MART STORES, INC. and WAL-MART CORPORATION are corporations doing business in Illinois with the headquarters located in Bentonville, Arkansas, and a local operation located at 1401 Illinois Route 59, Joliet, Illinois 60431.

## PROCEDURAL REQUIREMENTS

7. JANEGA has fulfilled all conditions precedent to the institution of this action, under the ADA and ADEA. She timely filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as Exhibit "A."

## FACTUAL BACKGROUND

8. Plaintiff began her employment with Defendants on October 29, 1990.

9. At all times throughout the course of her employment, Plaintiff performed her job to the satisfaction of her employer and beyond.

10. In or about February 2004, Plaintiff was rendered disabled as defined within the Americans with Disabilities Act, as she suffered from degenerative osteo-arthritis, and complications from the same, including three bulging discs.

11. At all relevant times herein, Defendants knew of Plaintiff's disability.

12. Subsequent to the onset of Plaintiff's disability, her employer began to treat her

differently than similarly situated non-disabled employees.

13. Plaintiff's differential treatment included, but is not limited to the following adverse employment actions:

a.) Repeatedly transferring Plaintiff between departments;

b.) Systematically and significantly lowering Plaintiff's salary;

c.) Refusing to consider Plaintiff for promotion;

d.) Refusing to grant Plaintiff promotions;

e.) Refusing to give Plaintiff raises while similarly situated employees received raises;

f.) Refusing Plaintiff reasonable accommodations for her disability;

g.) Assigning Plaintiff jobs that Defendant knew she would be unable to perform for the purpose of setting Plaintiff up for termination or to cause her to voluntarily quit her position;

h.) Arbitrarily disciplining Plaintiff without cause and against company policy;

i.) Excessively monitoring Plaintiff's actions and work performance and engaging in a generally hostile manner towards her;

j.) Eventually, termination of Plaintiff's employment.

14. Plaintiff complained to her supervisors, to Human Resources, and to the Vice President of the company, regarding the adverse and discriminatory treatment outlined above, but no action was taken to rectify the same.

15. Plaintiff requested numerous times to be assigned work that would have accommodated her disability, but was refused each time and the work was given to younger, less qualified individuals, and individuals who were non-disabled.

16. On or about October 26, 2006, Plaintiff was terminated from her position after over sixteen years of employment. Defendants' reason for terminating Plaintiff was pretextual, to cover

Defendants' illegal motivation.

17. Plaintiff could have easily performed her job to the expectations of her employer with a reasonable accommodation. Instead, Defendants refused to provide Plaintiff with a reasonable accommodation for her condition.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12201 *et. seq.,*

18. Plaintiff repeats and reasserts Paragraphs 1- 17 as this Paragraph 18 as though fully set forth herein.

19. Title I of the ADA requires employers with 15 or more employees to provide qualified individuals with disabilities an equal opportunity to benefit from the full range of employment-related opportunities available to others.

20. At all times relevant, Plaintiff was rendered disabled as defined by the Americans with Disabilities Act, due to her permanent physical conditions that significantly restricted her major life activities.

21. At all relevant times, Plaintiff could perform her job functions with reasonable accommodations from her employer.

22. Instead of accommodating Plaintiff's conditions, Defendants subjected Plaintiff to differential treatment and adverse actions as outlined above in the course of her employment in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12201 *et. seq.* Any other reason given for said behavior is pretextual.

23. Plaintiff was terminated on or about October 26, 2006, because of her disability.

24. Non-disabled employees were not subjected to the same treatment or termination.

25. Plaintiff complained to her superiors regarding said unlawful treatment and

Defendants' failure to accommodate her condition.

26. Due to its own inaction, as well as the direct actions of Defendants' supervisors, Defendants acted in compliance with the aforementioned unlawful acts, and ratified the same.

27. Defendants retained similarly situated non-disabled employees who had no higher skill level or experience than Plaintiff, and who were lesser qualified than Plaintiff.

28. Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, malicious, oppressive, and in total disregard and reckless indifference to Plaintiff's rights under the ADA, and justify the awarding of exemplary, liquidated and/or punitive damages.

29. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorney fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC., in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT II
## AMERICANS WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE

30. Plaintiff repeats and reasserts Paragraphs 1-29 as this Paragraph 30 as though fully set forth herein.

31. Plaintiff has a protected right as a qualified individual with a disability for an equal opportunity to benefit from the full range of employment-related opportunities available to others.

32. The ADA requires employers to engage in a mutual exchange with individuals with disabilities to evaluate how their condition may be accommodated.

33. The ADA also requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities, unless it results in undue hardship.

34. Defendants would not have suffered any undue hardship in providing reasonable accommodation to Plaintiff for her disability.

35. Plaintiff attempted to exercise her rights under the ADA through requests for reasonable accommodations.

36. Defendants failed to engage in an interactive process with Plaintiff to determine how it could accommodate Plaintiff's condition, and refused to grant Plaintiff reasonable accommodations for her disability on more than one occasion, in violation of the ADA, and instead terminated her employment without justifiable cause.

37. The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

38. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of

career opportunities, loss of future earnings, lost benefits, past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, attorneys' fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC., in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the ADA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, compensatory damages, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT III
## THE AMERICAN'S WITH DISABILITIES ACT
## RETALIATION

39.     Plaintiff repeats and reasserts Paragraphs 1-38 as this Paragraph 39 as though fully set forth herein.

40.     Plaintiff has a federally protected right to equal treatment in the workplace. Plaintiff attempted to exercise that right through complaints to Defendants through their supervisors and Human Resources professionals regarding the repeated differential treatment of Plaintiff due to Plaintiff's disability, as well as Defendants' failure to accommodate her disability, which resulted in total inaction and disregard for Plaintiff's situation.

41.   Plaintiff was subjected to further adverse employment actions, including disciplinary action and wrongful termination, in retaliation for the complaints she made concerning Defendants' unlawful conduct under the ADA.

42.   In taking the above adverse job actions against Plaintiff, Defendants acted in retaliation against Plaintiff for her disability, and her request for reasonable accommodation(s) for the same in violation of Section 503(b) of the ADA.

43.   As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, denial of annual review, attorneys' fees, costs and other damages allowed under the ADA.

44.   Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to her physical well being.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC., in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the ADA and award Plaintiff damages for loss of wages and benefits, past and future, loss of future earnings, loss of career opportunities, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, compensatory damages, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT IV
## AGE DISCRIMINATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

45.  Plaintiff repeats and reasserts Paragraphs 1-17 as this Paragraph 45 as though fully set forth herein.

46.  Both Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC. are qualified employers under the ADEA, and at all relevant times they engaged in an industry affecting commerce, and employed far in excess of twenty (20) employees.

47.  At all times throughout the course of employment, Plaintiff was qualified for her position and performed her job to the legitimate expectation of his employers and beyond.

48.  Plaintiff has a federally protected right to equal treatment in the workplace.

49.  At the time Plaintiff's employment with Defendants was terminated, Plaintiff was fifty-eight (58) years old.

50.  During Plaintiff's employment with Defendants, Defendants treated JANEGA differently in the terms and conditions of her employment, as described in paragraph 13 above.

51.  Upon information and belief, the above actions were an attempt to force Plaintiff to leave the company, due to her age.

52.  Plaintiff complained to her supervisors, the human resources department and the vice president of the company about the conduct and treatment described above that she perceived to be discriminatory.

53.  Defendants failed to take any necessary steps to correct any of the above conduct, and instead, Plaintiff's situation worsened.

54.  On October 26, 2006 Plaintiff was terminated from her position.

55.  Defendants retained younger, similarly-situated employees who were not performing

-9-

as well as Plaintiff and who did not have the tenure with WAL-MART CORPORATION and WAL-MART STORES, INC. or qualifications as Plaintiff had.

56. Younger employees were treated more favorably than Plaintiff in that they were not subjected to any of the adverse employment actions as described above, and retained their positions.

57. Plaintiff's termination and other adverse actions she was subjected to was because of her age and any proffered reason to the contrary by Defendants is pretext for unlawful discrimination.

58. The reasons given for Defendants' adverse actions are a pretext for age discrimination, in that Plaintiff would not have been so treated or terminated but for Defendants' motive to discriminate against Plaintiff due to her age.

59. Upon information and belief, Plaintiff was replaced by a younger individual, and various positions Plaintiff sought were filled by much younger individuals.

60. By the above actions, but not limited to the same, Defendants discriminated against Plaintiff in the terms, conditions and privileges of employment because of her age, in violation of the ADEA, and treated younger employees more favorably.

61. By the above actions, but not limited to the same, Defendants took adverse employment actions against Plaintiff which seriously affected her physical, financial and psychological well-being, and caused her to suffer significant damages.

62. Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the ADEA.

63. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of

benefits, past and future, COBRA costs, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; damage to reputation, other compensatory damages, attorneys' fees, costs and other damages allowable under the ADEA.

64. The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants WAL-MART CORPORATION and WAL-MART STORES, INC. in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Age Discrimination in Employment Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, COBRA costs, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, reasonable attorneys' fees, liquidated and/or punitive damages and prejudgment interest, as well as any other further relief allowable under the ADEA, as the Court deems just and appropriate.

## COUNT V
### EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")
### 29 U.S.C. §1132

65. Plaintiff repeats and reasserts Paragraphs 1- 64 as this Paragraph 65 as though fully set forth herein.

66. At all relevant times herein, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendants.

67. Plaintiff was terminated on or about October 26, 2006, in order to deprive her of continued participation in Defendants' funded employee welfare and benefit program.

68. Defendants' motivation and intent for terminating the Plaintiff was discriminatory and in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et. seq*. Defendants offer no legitimate reason for such differential treatment or for the denial of Plaintiff's participation in said employee benefit program; any proffered reason is pretext for Defendants' illegal motivation.

69. Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to the Plaintiff's physical well being.

70. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of benefits, past and future, and other incidentals and benefits of employment, additional medical expenses, attorneys' fees, costs and other damages allowable under ERISA.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under ERISA and award Plaintiff damages for loss of benefits, past and future, and other incidentals and benefits of employment, medical expenses incurred, attorneys' fees, costs and other damages allowable under ERISA, as well as any other further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
**CARMEN JANEGA**

/s/ *Kimberly A. Carr*
One of Her Attorneys

-13-

Kimberly A. Carr
Erin Buck Kaiser
**BEST, VANDERLAAN & HARRINGTON**
12 West Cass Street
Joliet, IL 60432-4292
815.740.1500
815.740.6304 (facsimile)
kcarr@bestfirm.com
ebuckkaiser@bestfirm.com

# **EXHIBIT A**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Carmen D. Janega
1135 Baccarrat Court
Joliet, IL 60431

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL: #7000 0600 0022 1012 5705

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-00842 | Carol Milazzo, Investigator | (312) 353-7453 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[X] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_
John P. Rowe,
District Director

5/13/08
(Date Mailed)

Enclosures(s)

cc: **WAL-MART**