**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARMEN JANEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-03422 |
| | ) | |
| WAL-MART CORPORATION, a Delaware | ) | |
| Corporation and WAL-MART STORES, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANT WAL-MART STORES, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart," incorrectly identified as "Wal-Mart Corporation") by its attorneys, answers the Complaint of Plaintiff Carmen Janega ("Janega") as follows:

**NATURE OF CLAIM**

1.　　This is an action seeking redress for discrimination in violation of the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.§1132, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, retaliatory discharge and other common law theories of recovery.

**ANSWER:**　　Wal-Mart admits that Janega claims she was discriminated against in violation of the ADA, ERISA, and the ADEA.  Wal-Mart denies that Janega has filed a common law action for retaliation and/or other common law theories of recovery, denies that Janega was discriminated against in any manner and denies that Janega is entitled to any relief whatsoever.

**JURISDICTION AND VENUE**

2.      Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4); 42 U.S.C. §12201 *et seq.*; 29 U.S.C. §1132; and 28 U.S.C. §1331;. [sic]  Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

**ANSWER:**    Wal-Mart admits that this Court has jurisdiction pursuant to the above-referenced statutes.   Wal-Mart denies that this court has supplemental jurisdiction because Janega has not pleaded any state law claims, denies it engaged in any unlawful conduct, and denies that Janega is entitled to any relief whatsoever.

3.      Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b), as Plaintiff's causes of action arose herein.

**ANSWER:**    Wal-Mart admits that venue is proper, but denies that it engaged in any unlawful conduct and denies that Janega is entitled to any relief whatsoever.

**PARTIES**

4.      Plaintiff JANEGA is a female citizen of the United States and currently is a resident of Joliet, Illinois.

**ANSWER:**    Wal-Mart admits that Janega is a female and admits that she purports to be a citizen of the United States and a resident of Joliet, Illinois.

5.      JANEGA was at all relevant times an employee of Defendants and at all relevant times worked for the Defendants in the State of Illinois under their authority and control.

**ANSWER:**    Wal-Mart admits the allegations contained in Paragraph 5 of Janega's Complaint.

6.     Defendants WAL-MART STORES, INC. and WAL-MART CORPORATION are corporations doing business in Illinois with the headquarters located in Bentonville, Arkansas, and a local operation located at 1401 Illinois Route 59, Joliet, Illinois 60431.

**ANSWER:**     Wal-Mart admits that Defendant Wal-Mart Stores, Inc. is a corporation doing business in Illinois at 1401 Illinois Route 59, Joliet, Illinois 60431 and that its corporate headquarters is located in Bentonville, Arkansas.  Wal-Mart denies the remaining allegations contained in Paragraph 6 of Janega's Complaint and denies the existence of an entity called "WAL-MART CORPORATION."

## PROCEDURAL REQUIREMENTS

7.     JANEGA has fulfilled all conditions precedent to the institution of this action, under the ADA and ADEA.  She timely filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission and has received a Right to Sue letter.

**ANSWER:**     Wal-Mart admits that Janega filed a Charge of Discrimination against Wal-Mart at the EEOC, that she received a Right to Sue letter, and that a copy of that letter is attached to Janega's Complaint as Exhibit A.  Wal-Mart denies any remaining allegations contained in Paragraph 7.

## FACTUAL BACKGROUND

8.     Plaintiff began her employment with Defendants on October 29, 1990.

**ANSWER:**     Wal-Mart admits the allegations contained in Paragraph 8 of Janega's Complaint.

9.     At all times throughout the course of her employment, Plaintiff performed her job to the satisfaction of her employer and beyond.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 9 of Janega's Complaint.

10.     In or about February 2004, Plaintiff was rendered disabled as defined within the Americans with Disabilities Act, as she suffered from degenerative osteo-arthritis, and complications from the same, including three bulging discs.

**ANSWER:**     Wal-Mart admits that Janega purports to suffer from degenerative osteo-arthritis and bulging discs, but states that it is without knowledge or information sufficient to form a belief as to the date on which Janega allegedly began to suffer from these conditions. Wal-Mart denies the remaining allegations contained in Paragraph 10 of Janega's Complaint.

11.     At all relevant times herein, Defendants knew of Plaintiff's disability.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 11 of Janega's Complaint.

12.     Subsequent to the onset of Plaintiff's disability, her employer began to treat her differently than similarly situated non-disabled employees.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 12 of Janega's Complaint.

13.     Plaintiff's differential treatment included, but is not limited to the following adverse employment actions:

      a.     Repeatedly transferring Plaintiff between departments;
      b.     Systematically and significantly lowering Plaintiff's salary;
      c.     Refusing to consider Plaintiff for promotion;
      d.     Refusing to grant Plaintiff promotions;

  e.  Refusing to give Plaintiff raises while similarly situated employees received raises;

  f.  Refusing Plaintiff reasonable accommodations for her disability;

  g.  Assigning Plaintiff jobs that Defendant knew she would be unable to perform for the purpose of setting Plaintiff up for termination or to cause her to voluntarily quit her position;

  h.  Arbitrarily disciplining Plaintiff without cause and against company policy;

  i.  Excessively monitoring Plaintiff's actions and work performance and engaging in a generally hostile manner towards her;

  j.  Eventually, termination of Plaintiff's employment;

  **ANSWER:**  Wal-Mart denies the allegations contained in Paragraph 13 of Janega's Complaint.

  14.  Plaintiff complained to her supervisors, to Human Resources, and to the Vice President of the company, regarding the adverse and discriminatory treatment outlined above, but not action was taken to rectify the same.

  **ANSWER:**  Wal-Mart admits that Janega utilized Wal-Mart's Open Door Policy, but denies the remaining allegations contained in Paragraph 14 of Janega's Complaint.

  15.  Plaintiff requested numerous times to be assigned work that would have accommodated her disability, but was refused each time and the work was given to younger, less qualified individuals, and individuals who were non-disabled.

  **ANSWER:**  Wal-Mart denies the allegations contained in Paragraph 15 of Janega's Complaint.

  16.  On or about October 26, 2006, Plaintiff was terminated from her position after over sixteen years of employment.  Defendants' reason for terminating Plaintiff was pretextual, to cover Defendants' illegal motivation.

  **ANSWER:**  Wal-Mart admits that it terminated Janega's employment on October 29, 2006, but denies the remaining allegations contained in Paragraph 16 of Janega's Complaint.

17.     Plaintiff could have easily performed her job to the expectations of her employer with a reasonable accommodation.  Instead, Defendants refused to provide Plaintiff with a reasonable accommodation for her condition.

**ANSWER:**     Wal-Mart states that it is without knowledge or information sufficient to form a belief as to whether Janega easily could have performed her job to the expectations of her employer with or without reasonable accommodation.  Wal-Mart denies the remaining allegations contained in Paragraph 17 of Janega's Complaint.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C.§12201 *et. seq.,***

18.     Plaintiff repeats and reasserts Paragraphs 1-17 as this Paragraph 18 as though fully set forth herein.

**ANSWER:**     Wal-Mart restates its answers to Paragraphs 1 through 17 as if fully set forth herein.

19.     Title I of the ADA requires employers with 15 or more employees to provide qualified individuals with disabilities an equal opportunity to benefit from the full range of employment-related opportunities available to others.

**ANSWER:**     Wal-Mart admits that Title I of the ADA prohibits covered entities from discriminating against qualified individuals with disabilities in job applications, procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions and privileges of employment.  Wal-Mart denies the remaining allegations contained in Paragraph 19.

20.     At all times relevant, Plaintiff was rendered disabled as defined by the Americans with Disabilities Act, due to her permanent physical conditions that significantly restricted her major life activities.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 20 of Janega's Complaint.

21.     At all relevant times, Plaintiff could perform her job functions with reasonable accommodations form her employer.

**ANSWER:**     Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Janega's Complaint.

22.     Instead of accommodating Plaintiff's conditions, Defendants subjected Plaintiff to differential treatment and adverse actions as outlined above in the course of her employment in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12201 *et seq.*  Any other reason given for said behavior is pretextual.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 22 of Janega's Complaint.

23.     Plaintiff was terminated on or about October 26, 2006, because of her disability.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 23 of Janega's Complaint.

24.     Non-disabled employees were not subjected to the same treatment or termination.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 24 of Janega's Complaint and denies any implication that she was treated less favorably than other Associates because of an alleged disability.

25.     Plaintiff complained to her superiors regarding said unlawful treatment and Defendant's failure to accommodate her condition.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 25 of Janega's Complaint.

26.     Due to its own inaction, as well as the direct actions of Defendant's supervisors, Defendants acted in compliance with the aforementioned unlawful acts, and ratified the same.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 26 of Janega's Complaint.

27.     Defendants retained similarly situated non-disabled employees who had no higher skill level or experience than Plaintiff, and who were lesser qualified than Plaintiff.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 27 of Janega's Complaint.

28.     Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, malicious, oppressive, and in total disregard and reckless indifference to Plaintiff's rights under the ADA, and justify the awarding of exemplary, liquidated and/or punitive damages.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 28 of Janega's Complaint.

29.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorney fees, costs and other damages allowed under the ADA.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 29 of Janega's Complaint.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC., in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

**ANSWER:**    Wal-Mart denies that Janega is entitled to any relief whatsoever.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**

30.    Plaintiff repeats and reasserts Paragraphs 1-29 as this Paragraph 30 as though fully set forth herein.

**ANSWER:**    Wal-Mart restates its answers to Paragraphs 1 through 29 as if fully set forth herein.

31.    Plaintiff has a protected right as a qualified individual with a disability for an equal opportunity to benefit from the full range of employment-related opportunities available to others.

__ANSWER:__    Wal-Mart denies that Janega is a qualified individual with a disability within the meaning of the ADA and therefore denies the allegations contained in Paragraph 31 of Janega's Complaint.

32.    The ADA requires employers to engage in a mutual exchange with individuals with disabilities to evaluate how their condition may be accommodated.

__ANSWER:__    Wal-Mart admits that the ADA requires covered employers to make reasonable accommodation to the known disability of a qualified individual with a disability unless doing so would impose an undue hardship.  Wal-Mart denies the remaining the allegations contained in Paragraph 32 of Janega's Complaint.

33.    The ADA also requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities, unless it results in undue hardship.

__ANSWER:__    Wal-Mart admits that the ADA requires covered employers to make reasonable accommodation to the known disability of a qualified individual with a disability unless doing so would impose an undue hardship.  Wal-Mart denies the remaining the allegations contained in Paragraph 33 of Janega's Complaint.

34.    Defendants would not have suffered any undue hardship in providing reasonable accommodation to Plaintiff for her disability.

__ANSWER:__    Wal-Mart denies that Janega is a qualified individual with a disability within the meaning of the ADA and therefore denies the allegations contained in Paragraph 34 of Janega's Complaint.

35.    Plaintiff attempted to exercise her rights under the ADA through requests for reasonable accommodations.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 35 of Janega's Complaint.

36.    Defendants failed to engage in an interactive process with Plaintiff to determine how it could accommodate Plaintiff's condition, and refused to grant Plaintiff reasonable accommodations for her disability on more than one occasion, in violation of the ADA, and instead terminated her employment without justifiable cause.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 36 of Janega's Complaint.

37.    The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 37 of Janega's Complaint.

38.    As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits, past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, attorneys' fees, costs and other damages allowed under the ADA.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 38 of Janega's Complaint.

WHEREFORE, Plaintiff CARMEN JANEGA, respectfully requests judgment against Defendants, WAL-MART CORPORATION and WAL-MART STORE, INC., in an amount that

will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the ADA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, compensatory damages, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

**ANSWER:**    Wal-Mart denies that Janega is entitled to any relief whatsoever.

## COUNT III
## THE AMERICAN'S WITH DISABILITIES ACT
## RETALIATION

39.    Plaintiff repeats and reasserts Paragraphs 1-38 as this Paragraph 39 as though fully set forth herein.

**ANSWER:**    Wal-Mart restates its answers to Paragraphs 1 through 38 as if fully set forth herein.

40.    Plaintiff has a federally protected right to equal treatment in the workplace. Plaintiff attempted to exercise that right through complaints to Defendants through their supervisors and Human Resources professionals regarding the repeated differential treatment of Plaintiff due to Plaintiff's disability, as well as Defendants' failure to accommodate her disability, which resulted in total inaction and disregard for Plaintiff's situation.

**ANSWER:**    Wal-Mart admits that various federal statutes prohibit unlawful discrimination against applicants and employees and that Janega utilized Wal-Mart's open door policy.  Wal-Mart denies the remaining allegations contained in Paragraph 40 of Janega's Complaint and denies any implications that it violated any of Janega's federally protected rights..

41.     Plaintiff was subjected to further adverse employment actions, including disciplinary action and wrongful termination, in retaliation for the complaints she made concerning Defendants' unlawful conduct under the ADA.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 41 of Janega's Complaint.

42.     In taking the above adverse job actions against Plaintiff, Defendants acted in retaliation against Plaintiff for her disability, and her request for reasonable accommodation(s) for the same in violation of Section 503(b) of the ADA.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 42 of Janega's Complaint.

43.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, denial of annual review, attorneys' fees, costs and other damages allowed under the ADA.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 43 of Janega's Complaint.

44.     Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to her physical well being.

**ANSWER:**     Wal-Mart denies the allegations contained in Paragraph 44 of Janega's Complaint.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC., in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the ADA and award Plaintiff damages for loss of wages and benefits, past and future, loss of future earnings, loss of career opportunities, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, compensatory damages, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

**ANSWER:**    Wal-Mart denies that Janega is entitled to any relief whatsoever.

**COUNT IV**
**AGE DISCRIMINATION IN VIOLATION OF**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")**

45.    Plaintiff repeats and reasserts Paragraphs 1-17 as this Paragraph 45 as though fully set forth herein.

**ANSWER:**    Wal-Mart restates its answers to Paragraphs 1 through 44 as if fully set forth herein.

46.    Both Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC. are qualified employers under the ADEA, and at all relevant times they engaged in an industry affecting commerce, and employed far in excess of twenty (20) employees.

**ANSWER:**    Wal-Mart admits that Wal-Mart Stores, Inc. is an "employer" under the ADEA, that it engages in an industry affecting commerce, and that it employs over 20 Associates.  Wal-Mart denies the remaining allegations contained in Paragraph 46 of Janega's Complaint.

47.    At all times throughout the course of employment, Plaintiff was qualified for her position and performed her job to the legitimate expectation of his employers and beyond.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 47 of Janega's Complaint.

48.    Plaintiff has a federally protected right to equal treatment in the workplace.

**ANSWER:**    Wal-Mart admits that various federal statutes prohibit unlawful discrimination against applicants and employees.  Wal-Mart denies the remaining allegations contained in Paragraph 48 and denies any implication that it violated any of Janega's federally protected rights.

49.    At the time Plaintiff's employment with Defendants was terminated, Plaintiff was fifty-eight (58) years old.

**ANSWER:**    Wal-Mart admits that information submitted by Janega to Wal-Mart indicates that she was 58-years-old at the time of the termination.  Wal-Mart denies the remaining allegations contained in Paragraph 49 of Janega's Complaint.

50.    During Plaintiff's employment with Defendants, Defendants treated JANEGA differently in the terms and conditions of her employment, as described in paragraph 13 above.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 50 of Janega's Complaint.

51.    Upon information and belief, the above actions were an attempt to force Plaintiff to leave the company, due to her age.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 51 of Janega's Complaint.

52.     Plaintiff complained to her supervisors, the human resources department and the vice president of the company about the conduct and treatment described above that she perceived to be discriminatory.

**ANSWER:**    Wal-Mart admits that Janega utilized Wal-Mart's Open Door Policy, but denies the remaining allegations contained in Paragraph 52 of Janega's Complaint.

53.     Defendants failed to take any necessary steps to correct any of the above conduct, and instead, Plaintiff's situation worsened.

**ANSWER:**    Wal-Mart denies that it engaged in any unlawful conduct and denies the remaining allegations contained in Paragraph 53 of Janega's Complaint.

54.     On October 26, 2006 Plaintiff was terminated from her position.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 54 of Janega's Complaint.  Answering further, Wal-Mart states that it terminated Janega's employment on October 29, 2006.

55.     Defendants retained younger, similarly situated employees who were not performing as well as Plaintiff and did not have the tenure with WAL-MART CORPORATION and WAL-MART STORES, INC. or qualifications as Plaintiff had.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 55 of Janega's Complaint.

56.     Younger employees were treated more favorably than Plaintiff in that they were not subjected to any of the adverse employment actions as described above, and retained their positions.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 56 of Janega's Complaint.

57.    Plaintiff's termination and other adverse actions she was subjected to was because of her age and any proffered reason to the contrary by Defendants is pretext for unlawful discrimination.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 57 of Janega's Complaint.

58.    The reasons given for Defendants' adverse actions are a pretext for age discrimination, in that Plaintiff would not have been so treated or terminated but for Defendants' motive to discriminate against Plaintiff due to her age.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 58 of Janega's Complaint.

59.    Upon information and belief, Plaintiff was replaced by a younger individual, and various positions Plaintiff sought were filled by much younger individuals.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 59 of Janega's Complaint.

60.    By the above actions, but not limited to the same, Defendants discriminated against Plaintiff in the terms, conditions and privileges of employment because of her age, in violation of the ADEA, and treated younger employees more favorably.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 60 of Janega's Complaint.

61.    By the above actions, but not limited to the same, Defendants took adverse employment actions against Plaintiff which seriously affected her physical, financial and psychological well-being, and caused her to suffer significant damages.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 61 of Janega's Complaint.

62.     Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the ADEA.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 62 of Janega's Complaint.

63.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, COBRA costs, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; damage to reputation, other compensatory damages, attorneys' fees, costs and other damages allowable under the ADEA.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 63 of Janega's Complaint.

64.     The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 64 of Janega's Complaint.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants WAL-MART CORPORATION and WAL-MART STORES, INC. in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Age Discrimination in Employment Act and award Plaintiff damages for loss of

wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, COBRA costs, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, reasonable attorneys' fees, liquidated and/or punitive damages and prejudgment interest, as well as any other further relief allowable under the ADEA, as the Court deems just and appropriate.

      **<u>ANSWER:</u>**    Wal-Mart denies that Janega is entitled to any relief whatsoever.

**COUNT V**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")**
**<u>29 U.S.C. §1132</u>**

      65.    Plaintiff repeats and reasserts Paragraphs 1-64 as this Paragraph 65 as though fully set forth herein.

      **<u>ANSWER:</u>**    Wal-Mart restates its answers to Paragraphs 1 through 64 as if fully set forth herein.

      66.    At all relevant times herein, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendants.

      **<u>ANSWER:</u>**    Wal-Mart denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

      67.    Plaintiff was terminated on or about October 26, 2006, in order to deprive her of continued participation in Defendants' funded employee welfare and benefit program.

      **<u>ANSWER:</u>**    Wal-Mart denies the allegations contained in Paragraph 67 of Janega's Complaint.

      68.    Defendants' motivation and intent for terminating the Plaintiff was discriminatory and in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132

19

*et. seq.* Defendants offer no legitimate reason for such differential treatment or for the denial of Plaintiff's participation in said employee benefit program; any proffered reason is pretext for Defendant's illegal motivation.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 68 of Janega's Complaint.

69.    Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to the Plaintiff's physical well being.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 69 of Janega's Complaint.

70.    As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of benefits, past and future, and other incidentals and benefits of employment, additional medical expenses, attorneys' fees, costs and other damages allowable under ERISA.

**ANSWER:**    Wal-Mart denies the allegations contained in Paragraph 70 of Janega's Complaint.

WHEREFORE, Plaintiff, CARMEN JANEGA, respectfully requests judgment against Defendants, WAL-MART CORPORATION and WAL-MART STORES, INC., in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under ERISA and award Plaintiff damages for loss of benefits, past and future, and other incidentals and benefits of employment, medical expense incurred, attorneys' fees, costs and other damages allowable under ERISA, as well as any other further relief as the Court deems just and appropriate.

**ANSWER:**    Wal-Mart denies that Janega is entitled to any relief whatsoever.

20

## FIRST AFFIRMATIVE DEFENSE

Janega fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Janega's claims are limited to the scope of her administrative charge of discrimination.

## THIRD AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some of Janega's claims fail because she has failed to exhaust her administrative remedies and/or because they are outside the scope of her administrative charge.

## FOURTH AFFIRMATIVE DEFENSE

Wal-Mart had legitimate, nondiscriminatory and non-retaliatory reasons for its actions regarding Janega.

## FIFTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Janega's claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Janega's remedies are limited by the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Janega has failed to mitigate her damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Janega's claims are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Janega has no right to damages because Wal-Mart would have made the same decisions and taken the same actions absent any allegedly unlawful motivation.

## TENTH AFFIRMATIVE DEFENSE

Janega's request for liquidated and/or punitive damages is barred or limited by the U.S. Constitution, the ADA, and the Illinois Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Janega's request for liquidated damages is barred or limited by the U.S. Constitution, the ADEA, and the Illinois Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Wal-Mart acted in good faith and had reasonable grounds for believing that its actions did not violate the ADA, the ADEA, ERISA, or any other applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Janega's request for punitive damages is barred by Wal-Mart's good faith efforts to comply with equal employment opportunity laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Janega's requested relief may not be available, given the nature of her claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Janega cannot state a legally cognizable claim for punitive damages because there is no evidence that Wal-Mart engaged in any discriminatory practice with malice or with reckless indifference to Janega's federally-protected rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

Janega cannot state a legally cognizable claim for liquidated damages because there is no evidence that Wal-Mart engaged in any discriminatory practice with malice or with reckless indifference to Janega's federally-protected rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Janega is estopped from claiming an entitlement to alleged reasonable accommodations that were not requested at the time of the events about which she now complains.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Janega is not entitled to compensatory or punitive damages and is not entitled to a jury trial for her ADA retaliation claim.

## NINETEENTH AFFIRMATIVE DEFENSE

Under ERISA, Janega is not entitled to seek compensatory, punitive or other-contractual damages, and is not entitled to a jury trial.

## TWENTIETH AFFIRMATIVE DEFENSE

Janega's claim under ERISA for alleged "interference" with benefits in violation of 29 U.S.C. § 1140 is enforced through 29 U.S.C. § 1132(a)(3), which does not provide for recovery of monetary relief or damages, and allows for only equitable relief.  Accordingly, Janega has no

actionable claim for the relief she seeks, and the Court has no jurisdiction to award Janega the

relief she seeks, under her purported ERISA claim.

DATED:  July 16, 2008                    Respectfully Submitted,

                                         WAL-MART STORES, INC.


                                         /s/  Norma W. Zeitler
                                         Norma W. Zeitler


Norma W. Zeitler, ARDC #6230589
Douglas M. Oldham, ARDC #6283670
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois  60606-2833
(312) 357-1313
(312) 759-5646 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that copies of the foregoing Defendant's Answer and Affirmative Defenses were served upon the following on this 16th day of July, 2008 by electronic filing pursuant to Rule XI of the General Order on Electronic Case Filing:

Kimberly A. Carr
Erin Buck Kaiser
Best, Vanderlaan & Harrington
12 West Cass Street
Joliet, Illinois  60432

_/s/ Norma W. Zeitler_

CHDS01 DOLDHAM 473122v1