IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARMEN JANEGA,            )
                          )
        Plaintiff,        )
                          )
v.                        )   No. 08 C 3422
                          )
WAL-MART STORES, INC.,    )
                          )
        Defendant.        )

## OPINION AND ORDER

Plaintiff Carmen Janega is a former employee of defendant Wal-Mart Stores, Inc. Beginning in 1990, plaintiff worked at various retail locations of defendant. When discharged in October 2006, plaintiff was working as a Salesfloor Associate in the toy department of defendant's Joliet, Illinois store. Plaintiff contends her discharge was due to disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 *et seq.,* and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* She also contends that she was subjected to retaliation in violation of the ADA and denied a reasonable accommodation in

violation of the ADA. Additionally, she contends she was discharged for exercising rights under an employee benefit plan in violation of § 510 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140. Presently pending is defendant's motion for summary judgment.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Crawford v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 129 S. Ct. 846, 849 (2009); *Stokes v. Bd. of Educ. of City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010); *Knight v. Wiseman*, 590 F.3d 458, 462 (7th Cir. 2009). The burden of establishing a lack of any genuine issue of material fact rests on the movant. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009); *Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 651 (7th Cir. 2007); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008); *Hicks*, 500 F.3d at 651. The movant need not provide affidavits or deposition testimony showing

the nonexistence of such essential elements. *Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 236 (7th Cir. 1995); *Covalt v. Carey Canada, Inc.*, 950 F.2d 481, 485 (7th Cir. 1991); *Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473, 476-77 (7th Cir. 1988); *Freundt*, 2007 WL 4219417 at *2. As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is

a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

Resolving all genuine factual disputes and drawing all reasonable inferences in plaintiff's favor, the facts assumed to be true for purposes of defendant's summary judgment motion are as follows.[1] Plaintiff was born in 1948.

---

[1]Plaintiff's motion to strike defendant's statement of facts was previously denied without prejudice. Plaintiff contends the 74-paragraph statement violates the

She began working for defendant in 1990. From 1994 to 2004 she worked at defendant's retail store in Darien, Illinois. In 2004, she transferred to the newly opened Joliet store where she remained until discharged effective October 26, 2006, when she was 58 years of age.

In January 2004, plaintiff was diagnosed as having biomechanical lower back pain and multiple biomechanical abnormalities. Her treating physician placed her on light duty and prescribed physical therapy. Plaintiff also took anti-inflammatory medication. After following the prescribed treatment, plaintiff improved. Plaintiff's back condition, though, continued to preclude her from lifting more than 25 pounds, climbing ladders, and pulling. One of plaintiff's sons testified that plaintiff does not carry groceries, vacuum, take out trash, launder, or perform other basic household chores. Plaintiff's two sons perform these activities. Plaintiff did not testify that she is incapable of performing these chores nor does she point to any medical testimony to this effect, other than the general

---

80-paragraph limit of Local Rule 56.1(a)(3)(B) because many of the paragraphs are not short and should instead be counted as more than one paragraph. The fact statement will not be stricken and all the facts asserted therein will be considered. Plaintiff also contends that many of the factual assertions are not properly supported. To the extent the facts are not properly supported, they have not been credited. The factual contentions of both sides have been considered. The facts that may properly be considered on defendant's summary judgment motion are set forth in today's ruling.

restriction that she would not be able to perform chores that require lifting more than 25 pounds or significant pulling. Defendant contends evidence that she does not perform household chores is insufficient to show that she cannot perform them. Standing alone, a person's inability to perform household chores could reasonably be inferred from not performing such chores. It is not the only possible inference, but it is one possible inference. Here, however, there is also medical evidence that plaintiff can lift up to 25 pounds, there is no substantial restriction on her walking and standing, and she can do bending as long as it is not excessive. She cannot perform significant pulling or pushing, nor climb ladders. Except to the extent certain activities exceed those limitations, it cannot be inferred that plaintiff is incapable of doing basic household chores. On the evidence before the court, it must be assumed that plaintiff could grocery shop and remove trash, except when either requires lifting more than 25 pounds which would be uncommon. It is also assumed she could launder and clean, which involve some bending without excessive bending.

To succeed on her disability claims, plaintiff must establish that she was a qualified individual with a disability. "A 'qualified individual with a disability' is a person 'who, with or without reasonable accommodation, can perform the

essential functions of the employment position that such individual holds or desires.'" ***Darnell v. Thermafiber, Inc.***, 417 F.3d 657, 659-60 (7th Cir. 2005) (quoting 42 U.S.C. § 12111(8)). One definition of "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A); ***Mack v. Great Dane Trailers***, 308 F.3d 776, 780 (7th Cir. 2002). "'Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.' 29 C.F.R. § 1630.2(i). Although this list does not purport to be exclusive, the items on the list have several things in common with each other. . . . Most importantly, the listed activities are so important to everyday life that almost anyone would consider himself limited in a material way if he could not perform them." ***Winsley v. Cook Cty.***, 563 F.3d 598, 603 (7th Cir. 2009). *See also id.* at 603 n.2 (the EEOC regulation that is quoted is not necessarily entitled to deference, but it is an accurate statement of Congressional intent).

As previously discussed, plaintiff has not established that she cannot perform basic household chores so she cannot base her disability on such a limitation. Instead, she must rely on not being able to lift more than 25 pounds

and the pulling and pushing restrictions. In *Williams v. Excel Foundry & Mach., Inc.*, 489 F.3d 309, 311-12 & n.2 (7th Cir. 2007), the Seventh Circuit held that being limited to standing for 30 to 40 minutes at a time and not being able to balance on one leg did not satisfy the ADA's definition of disability, even if it was also considered that the person could not lift more than 50 pounds. As to the lifting restriction, the Seventh Circuit favorably cited a Fourth Circuit case "holding 'that a twenty-five pound lifting limitation--particularly when compared to an average person's abilities--does not constitute a significant restriction on one's ability to lift.'" *Id.* at 312 n.2 (quoting *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir. 1996)). Plaintiff relies on *Arnold v. Janssen Pharmaceutica, Inc.*, 2005 WL 1189596 (N.D. Ill. May 16, 2005). That case, however, involved a lifting restriction of ten pounds, which the court held could limit that plaintiff's ability to raise a child, open heavy doors, and buy bulk groceries. In that case, the plaintiff also had the limitation of not being able to reach over her head, which reduced her ability to reach kitchen items and get dressed. *Id.* at *9. The facts in *Williams v. Excel* are closer to Janega's situation and, unlike the district court decision of *Arnold*, *Williams v. Excel* is a binding Seventh Circuit precedent.

Alternatively, plaintiff contends she had a record of a disability, which is another definition of disability. 42 U.S.C. § 12102(1)(B). A record of disability, however, must still be a record of an impairment that substantially limits one or more major life activity. *Id.*; 29 C.F.R. § 1630.2(k); **Kampmier v. Emeritus Corp.**, 472 F.3d 930, 938 (7th Cir. 2007). The record that plaintiff relies upon is no more severe than the limitations previously discussed.

Plaintiff fails to establish that she is a qualified individual with a disability. Her ADA claims based on discrimination and failure to provide a reasonable accommodation will be dismissed.

Even if plaintiff did not have a valid ADA claim, she could still have a claim for retaliation based on asserting ADA rights. However, the supervisor who made the decision to terminate plaintiff was Assistant Manager David Hinds. Plaintiff points to requests for help that she made on the day she engaged in the conduct that resulted in her termination. It is unnecessary to determine whether those requests constituted requests for accommodations under the ADA. Plaintiff does not point to evidence supporting that Hinds was aware of those requests prior to making the determination that plaintiff would be discharged. Plaintiff cannot satisfy the causation requirement for her retaliation claim. *See* **Nagle v. Vill. of**

*Calumet Park*, 554 F.3d 1106, 1121-22 (7th Cir. 2009). The ADA retaliation claim will be dismissed.

As of October 2006, plaintiff worked in the toy department. On October 23, she was instructed to place pallets of merchandise on the toy department shelves. Plaintiff requested assistance that was not provided. Plaintiff did not place all the items on shelves. She reported to a supervisor that she did not shelve the remaining items because they were all overstock. After plaintiff finished for the day, two associates were directed to finish stocking the items that remained on the pallets. These employees worked for two more hours. Some bike helmets and saucer chairs could not be placed on the shelves because there was insufficient room, but most of the items still fit on the shelves. Hinds decided to "coach"[2] plaintiff for failing to perform duties assigned to her. When he entered the coaching in the computer, he discovered she had prior coaching and was then on "Decision-Making Day Coaching." Under defendant's coaching policy, that meant that the additional coaching that Hinds was imposing required that plaintiff be discharged. She was discharged effective October 26, 2006.

---

[2]"Coaching" is defendant's progressive discipline policy.

Plaintiff relies on the indirect method of showing age discrimination. Plaintiff may make out a *prima facie* case of a discriminatory discharge based on age by showing: (1) she is age 40 or older; (2) she was meeting defendant's legitimate expectations; (3) she was discharged; and (4) she was replaced by someone substantially younger and similarly or less qualified. *See* **Duncan v. Fleetwood Motor Homes of Ind., Inc.**, 518 F.3d 486, 490-91, 493 (7th Cir. 2008); **Bayless v. Ancilla Domini Coll.**, 2011 WL 690273 *14 & n.5 (N.D. Ind. Feb. 15, 2011); **Yee v. UBS O'Connor, LLC**, 2010 WL 1640192 *16 (N.D. Ill. April 22, 2010). Alternatively, the fourth element may be satisfied by a showing that a similarly situated, substantially younger employee was treated more favorably. *See* **Everroad v. Scott Truck Sys., Inc.**, 604 F.3d 471, 477, 480 (7th Cir. 2010); **Martino v. MCI Commc'n Servs., Inc.**, 574 F.3d 447, 453 (7th Cir. 2009); **Bayless**, 2011 WL 690273 at *14 & n.5; **Meinen v. Best Buy Stores, L.P.**, 2010 WL 5099323 *5 (S.D. Ind. Dec. 8, 2010).³ If plaintiff is able to establish her

---

³As is discussed below, undisputed evidence establishes that plaintiff committed an infraction of defendant's work rules. In that situation, the second and fourth elements merge and plaintiff must provide evidence supporting that she was disciplined more harshly than similarly situated employees who engaged in similar misconduct. **Naik v. Boehringer Ingelheim Pharm., Inc.**, 627 F.3d 596, 600-01 (7th Cir. 2010); **Patterson v. Ind. Newspapers, Inc.**, 589 F.3d 357, 365-66 (7th Cir. 2009); **Henry v. Jones**, 507 F.3d 558, 566 (7th Cir. 2007); **Pantoja v. Am. NTN Bearing Mfg. Corp.**, 495 F.3d 840, 846-47 (7th Cir. 2007).

*prima facie* case, the burden of production shifts to defendant to offer a legitimate, non-discriminatory reason for the discharge. If defendant does so, the burden of proof is on plaintiff to submit evidence demonstrating that defendant's explanation is pretextual. ***Everroad***, 604 F.3d at 477. When a defendant contends the plaintiff is not meeting legitimate expectations, the second element of the *prima facie* case and the issue of pretext may overlap or merge. ***Id.*** at 477-78. Here, defendant contends that plaintiff cannot satisfy the second and fourth elements of her *prima facie* case, nor show that defendant's stated ground for the discharge was pretextual.

Plaintiff contends it is unclear who replaced her. She points to three toy department employees who were hired within a month before she was discharged.[4] Two were 16 years old and one was 32 years old. Another 16-year-old was hired on December 9, 2006. But even assuming one of these employees, all of whom were 26-42 years younger than plaintiff, should be considered plaintiff's

---

[4]Plaintiff does not include these facts in her statement of additional facts. They are recited on page 17 of her brief. She cites to her Exhibit 19, which purportedly is a list, provided by defendant, of toy department employees during an unidentified period of time. The list includes the date of hire, year of birth, and (if applicable) date of termination for each listed employee. No other information about the other employees is provided. Plaintiff questions whether the list is fully accurate since one employee is listed as being hired in 2008 even though he testified he was originally hired in 2006 and then rehired in 2008.

replacement, no information is provided regarding their qualifications. Also, no information is provided regarding whether they were full- or part-time nor whether they were seasonal hires. Plaintiff has not shown she was replaced by a substantially younger person who was equal or less qualified. While plaintiff's fact statements include some conclusory assertions that others were treated more favorably than she was, she does not argue in her brief that she satisfies the fourth element by showing younger, similarly situated employees were treated more favorably. In any event, she does not make a showing that any of the others who purportedly were treated more favorably were similarly situated. *See Bodenstab v. Cty. of Cook*, 569 F.3d 651, 657 n.2 (7th Cir. 2009) (in discipline case, similarly situated employee must be comparable in all material respects, which generally includes that plaintiff and the comparator had the same type of job, were subject to the same standards, had comparable experience and qualifications, engaged in similar misconduct, and had the same supervisors).

But even assuming, as plaintiff contends, that the fourth element only requires a showing that plaintiff was replaced by someone substantially younger regardless of that person's qualifications and that plaintiff has sufficiently made such a showing, the age discrimination claim fails because plaintiff does not show

that she was meeting defendant's legitimate expectations. To show that she was meeting her employer's legitimate expectations, plaintiff points to her prior history of satisfactorily performing her work. That, however, is not the issue. Plaintiff is not meeting her employer's legitimate expectations if, despite a history of adequate performance, she commits an infraction of work rules that was a legitimate basis for her discharge. *Naik v. Boehringer Ingelheim Pharm., Inc.*, 627 F.3d 596, 600 (7th Cir. 2010). Undisputed facts support that plaintiff was instructed to shelve items on pallets, she failed to do all the work, and she claimed all the items she did not shelf were overstock, but two other employees found room on the shelves to stock all but a few items. Undisputed facts support that plaintiff failed to follow instructions. Because of prior infractions, this was a dischargeable infraction under defendant's progressive discipline procedures. Plaintiff does not show that similarly situated employees engaged in similar misconduct, but were not discharged. *See Naik*, 627 F.3d at 600-01. Plaintiff does contend that her prior infractions were pretextual so, even if the last infraction occurred, it should not have resulted in her discharge. None of the prior infractions involved Hinds. Each of the prior infractions was recorded by a different supervisor and two different management officials approved recording the three prior infractions.

*See* Pl. Dep. Exh. 29, 30, 32. Plaintiff does not attempt to show that the other supervisors or management officials were motivated by age discrimination. She does not show that substantially younger employees who engaged in similar misconduct were not disciplined by any of these supervisors.[5]

Plaintiff's age discrimination claim will be dismissed.

Plaintiff's other claim is that she was discharged in order to avoid paying her benefits that she was receiving through an employee benefit plan. ERISA prohibits discharging a plan participant for exercising a right under provisions of an employee benefit plan. ERISA § 510, 29 U.S.C. § 1140; **Isbell v. Allstate Ins. Co.**, 418 F.3d 788, 796 (7th Cir. 2005). "The loss of benefits to an employee as a result of an employer's action is not, by itself, sufficient to prove a violation of § 510. The employer must have the specific intent to deprive an employee of his plan rights." *Id.* A *prima facie* case of a violation of § 510 can be made out by showing (1) plaintiff is a participant in an ERISA plan, (2) she was meeting defendant's legitimate expectations; and (3) she was discharged under

---

[5]Janega was coached on July 23, 2006, August 22, 2006, and September 25, 2006 because, on three separate occasions, she admittedly failed to clock out for her lunch break in a timely manner, a violation of Wal-Mart's Breaks, Meal Periods, and Days of Rest Policy. Janega does not present evidence of any similarly situated Associate who clocked out late for lunch or violated the Policy and was not coached for his or her violation.

circumstances that provide some basis for believing that the prohibited intent to prevent the use of benefits was present. *Id.* As previously discussed, plaintiff has not shown that she was meeting defendant's legitimate expectations. Also, she does not point to a sufficient basis to infer that Hinds was motivated by an intent to deprive plaintiff of her benefits. The ERISA claim will also be dismissed.

The firing of plaintiff seems harsh, but the wisdom of the employer's decision is not open for review by the court.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [28] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 24, 2011